# Smith *vs.* Ralston.

## *Error to Desmoines.*

On notes and inland bills of exchange, it is not necessary that the presentation and notice of non payment should be made by a Notary, in order to charge the endorser.

Where several promissory notes are declared on, in different counts of the same declaration, it is no ground of error that the jury rendered a general verdict, without specifying on which of the counts it was rendered.

The statement of the facts of this case is sufficiently set forth in the opinion of the court.

BROWNING, for plaintiff in error.

RORER, for defendant.

BY THE COURT, MASON, CHIEF JUSTICE.—This was an action brought by the defendant against the plaintiff in error, on three promissory notes, on which the said plaintiff was sued as endorser. The principal error complained of however, as designated in the bill of exceptions, relates to but one of these notes. This was drawn at Milwaukie, where the drawer resides, and endorsed by Smith to Ralston. To the introduction of this note, the counsel for the defendant below objected, because there was no notarial protest for non payment introduced to the jury. This objection was overruled by the court, on the ground that no protest or notarial certificate of presentment and non payment was necessary in cases of promissory notes, but that these might be presented by any person other than a Notary Public, and due notice of the non payment thereof would be sufficient to charge the endorser, and that these facts might be proved by ordinary witnesses. From an examination of all the authorities referred to by the counsel for the plaintiff

in error, which could conveniently be consulted, we find nothing to convince us of any error in this respect in the court below. On the contrary, one of those authorities, 3 Pickering 415, is a direct sanction to the decision below. It was decided in that case that the agency of a Notary Public in the presentment of promissory notes, and givingn otice of non payment, was unnecessary.

On notes and inland bills of exchange, it is only necessary (in order to charge the endorser) that they should be presented for payment, and notice for non payment duly given, Chitty on Bills, 465. This is the evident dictate of reason and expediency, for otherwise as the law has heretofore been, the endorsee of a note, however small in amount, must relinquish all claim upon the endorser or else call in the assistance of a Notary Public, however distant, to perform an act which could be equally well performed by himself, in presence of his next neighbor.

The only other error assigned is, that the jury rendered a general verdict upon the declaration without stating upon which of the several counts said verdict was rendered. As no authorities have been cited on this point, we shall only say that the want of such specification does not render the proceedings erroneous.

Judgment affirmed.